UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
MALIBU MEDIA, LLC,                              :
                                                :
                                                :   CASE NO. 1:14-CV-02744
         Plaintiff,                             :
                                                :
v.                                              :   OPINION & ORDER
                                                :   [Resolving Doc. 7]
JOHN DOE SUBSCRIBER ASSIGNED                    :
IP ADDRESS 65.25.29.69,                         :
                                                :
         Defendant.                             :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this copyright infringement case, Defendant John Doe has moved to quash a subpoena served on third-party Time Warner Cable by Plaintiff Malibu Media.[1/] The subpoena seeks John Doe's true name, address, and e-mail address.

For the following reasons, the Court **DENIES** the motion to quash.

**I. Background**

Plaintiff commenced this copyright infringement action against Defendant on December 15, 2014. Plaintiff claims Defendant used the BitTorrent file distribution network to download, copy, and distribute twenty of Plaintiff's copyrighted movies.[2/] John Doe is currently identified by his Internet Protocol ("IP") address. The Court has allowed Plaintiff to serve a Rule 45 subpoena on Time Warner Cable, Defendant's Internet Service Provider ("ISP"), that would require Time Warner

---

[1/]Doc. 7. Malibu Media opposes the motion. Doc. 8. John Doe has replied. Doc. 9.
[2/]Doc. 1.

-1-

Case No. 1:14-CV-02744
Gwin, J.

to reveal Defendant's true identity.[3] Defendant moved to quash the subpoena, arguing primarily that because someone else could have used his IP address to download the movies, turning over his subscriber information may not actually identify the alleged infringer.[4]

## II. Legal Standards

Parties may obtain discovery regarding any matter, not privileged, that is relevant to any claim or defense involved in the pending action.[5] Under Rule 26 of the Federal Rules of Civil Procedure, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[6] Rule 26 is to be liberally construed to permit broad discovery.[7]

"The scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure is also 'subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1).'"[8] A court must quash a subpoena that fails to allow a reasonable time to comply, requires compliance beyond specified geographical limits, requires disclosure of privileged or other protected matter, or subjects a person to undue burden.[9] Additionally, a court may quash a subpoena that requires disclosing a trade secret or other confidential information, or that requires disclosing certain expert opinions or studies.[10]

"The movant bears the burden of establishing that the issued subpoena[] violate[s] Rule 45

---

[3] Doc. 6.
[4] Doc. 7.
[5] Fed. R. Civ. P. 26(b)(1).
[6] *Id.*
[7] *See United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976).
[8] *Cawley v. Eastman Outdoors, Inc.*, No. 1:14-cv-00310, 2014 WL 4656381, at *2 (N.D. Ohio Sept. 16, 2014) (quoting *Laethem Equip. Co. v. Deere & Co.*, No. 05-CV-10113, 2007 WL 2873981, at *4 (E.D. Mich. Sept. 24, 2007)).
[9] Fed. R. Civ. P. 45(d)(3)(A).
[10] Fed. R. Civ. P. 45(d)(3)(B).

Case No. 1:14-CV-02744
Gwin, J.

of the Federal Rules of Civil Procedure."[11] "In evaluating a motion to quash, the court may consider 'whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) the information sought is relevant, nonprivileged, and crucial to the moving party's case.'"[12] "The party issuing the subpoena must take reasonable steps to avoid imposing an undue burden on a person subject to the subpoena . . . ."[13] "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing."[14]

### III. Analysis

"Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."[15] Courts have split on whether accused copyright infringers in John Doe's situation have a sufficient personal interest in the subscriber information they provided to their ISPs to give them standing to object.[16] Some courts have said that such defendants have no reasonable expectation of privacy in the subscriber information they shared with their ISPs, particularly after engaging in file sharing, and thus have no personal interest.[17] The Court, however,

---

[11] *Recycled Paper Greetings, Inc. v. Davis.*, No. 1:08-MC-13, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008).

[12] *Id.* (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003)).

[13] *Griffiths v. Ohio Farmers Ins. Co.*, No. 1:09-CV-1011, 2010 WL 2730657, at *1 (N.D. Ohio July 2, 2010).

[14] *Davis*, 2008 WL 440458, at *3 (internal quotation marks and citations omitted).

[15] Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed. 2014); *Johnson v. Guards Mark Sec.*, No. 4:04-CV-2447, 2007 WL 1023309, at *1 (N.D. Ohio Mar. 31, 2007).

[16] *See* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2459 at nn. 7.3–7.4 & accompanying text (3d ed. 2014).

[17] *See, e.g.*, *Riding Films, Inc. v. John Does 129–193*, No. 2:13-cv-46, 2013 WL 3322221, at *5–6 (S.D. Ohio July 1, 2013); *First Time Videos, LLC v. Does 1–500*, 276 F.R.D. 241, 247–48 (N.D. Ill. 2011); *Sony Music Entm't Inc.*

(continued...)

Case No. 1:14-CV-02744
Gwin, J.

agrees with the contrary view that these defendants have "at least a minimal privacy interest in the information requested by the subpoena."[18] Although this interest is "exceedingly small," it constitutes "*some* personal right or privilege" in the information sought, thus giving John Doe standing to seek to quash the subpoena.[19]

Defendant John Doe has not, however, made the showing required to suppress the subpoena. The name and address of an alleged infringer is relevant to Plaintiff's case. Defendant's arguments that someone other than John Doe could have used his IP address primarily go to the merits of Plaintiff's claims.[20] At the very least, having John Doe's name and contact information will allow Plaintiff to investigate its copyright claims and determine who exactly should be named as the defendant in this case.[21]

Furthermore, Defendant has not explained how else Plaintiff could obtain this information other than through Time Warner. And it does not appear that Time Warner would face an undue burden in producing this relatively small amount of information.[22]

John Doe's strongest argument in favor of quashing the subpoena is the potential for

---

[17](...continued)
*v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004).

[18] *See, e.g.*, *Patrick Collins, Inc. v. Does 1–38*, 941 F. Supp. 2d 153, 159–60 (D. Mass. 2013) (citing *Malibu Media, LLC v. John Does 1–14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012)) (collecting cases); *see also* David D'Amato, Note, *BitTorrent Copyright Trolls: A Deficiency in the Federal Rules of Civil Procedure?*, 40 Rutgers Computer & Tech. L.J. 190, 204 (2014) ("[D]efendants who have not actually downloaded the work, abiding by the terms of service, have every expectation of privacy.").

[19] *See Third Degree Films, Inc. v. Does 1–108*, No. DKC 11-3007, 2012 WL 669055, at *2 (D. Md. Feb. 28, 2012).

[20] *See id.* at *3 (citing *Voltage Pictures, LLC v. Does 1–5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011)) ("A general denial of liability, however, is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information." (internal quotation marks omitted)).

[21] *See Voltage Pictures*, 818 F. Supp. 2d at 35 (Quashing the subpoena "would deny the plaintiff access to the information critical to bringing [the putative defendants] properly into the lawsuit to address the merits of both the plaintiff's claims and their defenses.").

[22] *See* Doc. 8 at 4 n.3.

Case No. 1:14-CV-02744
Gwin, J.

embarrassment. As several other courts have noted, these copyright infringement lawsuits by producers have a particularly high potential to embarrass the defendant, thereby effectively forcing a settlement.[23] But that concern is alleviated here, since "Plaintiff has no objection to allowing Defendant to proceed anonymously."[24] John Doe agrees that as long as his identity "remain[s] obscured at this stage of the litigation," there is no need to quash the subpoena.[25]

The Court agrees with this compromise solution. The case shall proceed, for now, with John Doe as the defendant. If Malibu Media intends to amend its complaint or make any other filing that would reveal John Doe's true identity, it must first seek leave of the Court by filing a motion under seal.[26]

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion to quash the subpoena.

IT IS SO ORDERED.

Dated: March 23, 2015           s/ *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[23] *See, e.g.*, Third Degree Films v. Does 1–47, 286 F.R.D. 188, 190 (D. Mass. 2012); Malibu Media v. Does 1–10, No. 2:12-cv-3623, 2012 WL 5382304, at *2 (C.D. Cal. June 27, 2012); *see also* Sean B. Karunaratne, Note, *The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L. Rev. 283, 305 (2012).

[24] Doc. 8 at 4.

[25] Doc. 9 at 1.

[26] *See* Malibu Media, LLC v. John Does 1–16, 902 F. Supp. 2d 690, 701–02 (E.D. Pa. 2012) (citing Fed. R. Civ. P. 26(c)(1) to support issuing a protective order protecting John Doe defendant's anonymity in a similar case).